**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-55

UNITED STATES TAX COURT

RHONDA DENISE PEPPERS AND LAMARR PEPPERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8218-13S.                    Filed June 18, 2014.

Rhonda Denise Peppers and Lamarr Peppers, pro sese.

<u>John D. Ellis</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,968 in petitioners' 2010 Federal income tax.

The issue[1] for decision is whether petitioners are entitled to expense deductions for 2010 claimed on Schedule C, Profit or Loss From Business, in excess of those respondent allowed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Virginia.

In 2010 Rhonda Denise Peppers (petitioner) worked for the Securities and Exchange Commission as an accountant and also began working for herself as an independent agent for a company named Montrose Travel (MT). Petitioner was not required to travel as an independent agent. MT provided petitioner with a Web site, and her business was to be conducted as an online presence. Petitioner's activity was to be based on having people read travel reviews on her Web site and

---

[1]Respondent's adjustments to the student loan interest deduction, the educational credit, and the American Opportunity credit are computational and will be resolved by the Court's determination on other issues.

then book trips with MT. She would receive commissions from the bookings. In 2010 petitioner earned commissions from three people's booking trips using her Web site with MT.

During 2010 petitioner traveled to Chicago, Niagara Falls, and Hilton Head, South Carolina. Her family accompanied her to Chicago and to Niagara Falls, while she and her husband traveled together to Hilton Head.

Petitioner started taking graduate school courses in 2008 at the University of Maryland University College (UMUC), and she was still enrolled at UMUC throughout 2010. Petitioner originally enrolled in a master of science in accounting and financial management degree program at UMUC, but in 2010 she changed her degree program to a master of science in management with a focus in financial management. All her courses in 2008 and 2009 were in management, finance, or marketing.

On her 2010 Schedule C petitioner claimed, in part, travel expenses of $3,646 and other expenses of $14,084 incurred for college courses, books, bank fees, and telephone services.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and taxpayers bear the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

### II. Claimed Schedule C Expense Deductions

A taxpayer is required to maintain records sufficient to substantiate deductions claimed on a Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In other words, taxpayers bear the burden of proving entitlement to the deductions claimed, and this includes the burden of substantiation. Rule 142(a); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Section 162(a) provides a deduction for certain business-related expenses. To qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,'

(3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Deputy v. du Pont, 308 U.S. 493, 495 (1940). An ordinary expense is "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. at 495. A necessary expense is appropriate and helpful in carrying on the trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Heineman v. Commissioner, 82 T.C. 538, 543 (1984).

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we generally may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, for the Cohan rule to apply, there must be sufficient evidence in the record to provide a basis for the estimate. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Certain expenses may not be estimated under the Cohan rule because of the strict substantiation requirements of section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). The expenses to which section 274(d) applies include, among other types, expenses for

listed property (e.g., automobiles, cellular telephones,[2] computer equipment, or any property of a type generally used for purposes of entertainment, recreation, or amusement) and travel expenses (including meals and lodging while away from home). Secs. 274(d)(4), 280F(d)(4)(A). For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of the persons entertained. See sec. 274(d).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a

---

[2]For tax years beginning after December 31, 2009, cellular phones are no longer items of listed property. Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(b), 124 Stat. at 2560.

contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

A. Meals and Entertainment and Travel Expenses

Petitioner conceded at trial her deduction for meals and entertainment expenses of $1,055. In support of her travel expenses she provided receipts for hotel stays, flight plans, and car rentals. Petitioner explained that she traveled to Chicago, Niagara Falls, and Hilton Head so that she could review these places for her travel Web site. Petitioner testified that she needed the reviews to attract customers who possibly would place trip orders through her Web site. Petitioner failed to provide the Court with evidence of any reviews she may have created with respect to the visits she made.

Petitioner traveled to these locations and brought along at least one family member each time, and there is no evidence that these trips were not personal. Accordingly, the Court is unable to conclude that the trips were ordinary and necessary to petitioner's MT travel services business. Therefore, respondent's disallowance of the claimed travel expenses is sustained.

B. Other Expenses

Petitioner claimed a deduction for telephone expenses, bank expenses, and educational expenses. Petitioner's claimed telephone expenses were, she testified,

the result of maintaining both a toll-free number and a local telephone number. But petitioner failed to show that the telephone and bank expenses were ordinary and necessary to her business for MT and were not otherwise personal. Accordingly, respondent's determination on these items is sustained.

Section 1.162-5, Income Tax Regs., sets forth the guidelines for determining educational expenses incident to a taxpayer's trade or business that are deductible. Educational expenses may be considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment or other trade or business or meets the express requirements of an employer imposed as a condition for the taxpayer's continued employment, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. Educational expenses are not deductible, however, if they are paid by an individual for education which is part of a program of study that will lead to qualifying the individual for a new trade or business. Sec. 1.162-5(b)(3)(i), Income Tax Regs. Such educational expenses are not deductible even though the education may maintain or improve skills required by the individual in her employment. Sec. 1.162-5(b)(1), Income Tax Regs.

Although petitioner was employed as an accountant and her degree was initially to be focused on accounting and financial management, she took no

accounting courses in 2008 or 2009. All her courses in 2008 and 2009 were in management, finance, or marketing.

Petitioner testified that she started a business in 2009 in information publishing and that she was taking graduate courses to assist her with the existing business. She testified that she added MT as another "income stream" in 2010. She stated that she was "trying to be an affiliate--marketing affiliate." She claimed that her UMUC courses helped with her business and increased her business skills. Her UMUC classes, she testified, related to developing business plans, goals, and metrics and gave her a basic understanding of business marketing. Petitioner stated that she did not want to limit herself to being a travel agent. MT made available free classes related to the travel business; they provided "tons of ways to get her education in travel." Much of petitioner's testimony was aimed at showing how her UMUC classes would help her reach her vision of the kind of business she did want, with "multiple income streams" as an "affiliate for major companies".

Petitioner enrolled at UMUC in 2008, two years before joining MT as an independent agent. It is apparent that petitioner had already decided to pursue a master's degree regardless of whether she was working for MT. The Court is not convinced that petitioner's school expenses were ordinary and necessary to her

business as an independent travel agent for MT.  She admits that she could have received free as much education about the travel business as she wanted.  She has not adequately explained how the courses at UMUC would maintain or improve her skills as they related to her business as it existed in 2010.  See Schwartz v. Commissioner, 69 T.C. 877, 889 (1978) (stating that taxpayer must show sufficient nexus between education expenditures and trade or business).  Therefore, respondent's disallowance of petitioner's expenses for tuition and books is sustained.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.